## CHARLES HARRIMAN *vs.* JOHN HARRIMAN.

Receiving from a debtor a sum of money in full settlement and satisfaction of a larger sum due, and giving a receipt in full, does not bar an action to recover the rest.

If a creditor agrees with his debtor, a poor man unable to pay his debt, that if he will raise and pay him a certain less sum, he will receive it in full satisfaction, and the debtor raises that sum by borrowing and collecting, and pays it in bank notes, which are paid and received as money, and a receipt in full given of all demands, the creditor may still maintain an action for the rest of the debt.

ACTION OF CONTRACT upon a judgment for $140.03 recovered in 1839. Answer, accord and satisfaction.

At the trial in the superior court of Suffolk at November term 1858, the defendant offered evidence "that in 1842 the plaintiff agreed that if the defendant, who was then poor and unable to pay, would raise and pay the plaintiff the sum of twenty dollars, he would receive the same in full settlement and satisfaction of said judgment; and that the defendant did by borrowing and collecting procure the amount named, in bank notes, and pay the same to the plaintiff, which the plaintiff received in full settlement and satisfaction of said judgment, and gave the defendant the following receipt: ' Boston, August 8th 1842. Received of J. Harriman twenty dollars in full of all demands of whatever name or nature to this date.

' Charles Harriman.' "

*Abbott,* J. ruled that such settlement and receipt did not constitute in law a valid accord and satisfaction, if the bank notes were received and paid as money, and so instructed the jury, who accordingly found their verdict for the plaintiff for the amount claimed, deducting the sum of twenty dollars. The defendant alleged exceptions.

*H. A. Scudder,* for the defendant. 1. The doctrine that an agreement to receive a smaller sum of money in full settlement and satisfaction of a larger sum due, freely and understandingly entered into, and afterwards executed in good faith on the debtor's part by payment of the sum agreed in accordance with the agreement, is not a valid accord and satisfaction, has never been

declared to be the law of Massachusetts. It has been incidentally referred to, and pronounced technical, unreasonable and in violation of good faith. *Brooks* v. *White*, 2 Met. 283. It is in violation of public policy, good morals, common sense and common law.

*Pinnel's case*, 5 Co. 117, seems to be the foundation of the doctrine, but the point was not really there before the court. The case was decided on the pleadings, and so far as any doctrine was declared is adverse to the plaintiff. *Fitch* v. *Sutton*, 5 East, 232, followed *Pinnel's case*; was a decision upon the pleadings that part payment was not of itself a valid consideration for a parol release of the balance ; and, as the same court said in *Steinman* v. *Magnus*, 11 East, 390, was based on the precise terms of the case reserved, and if the evidence had gone but a little further it would have altered the decision. Those and kindred cases were of partial satisfaction and an accord or agreement concerning the amount remaining unpaid — differing widely from a case of accord and satisfaction properly pleaded and proved, which is the substitution by the parties of a new agreement in place of the entire old one, and a subsequent performance, execution and satisfaction of the new agreement by the debtor.

Such an accord and satisfaction, properly pleaded, is binding. 2 Greenl. Ev. § 291 *a.* *Brown* v. *Feeter*, 7 Wend. 301. *Tarver* v. *Rankin*, 3 Kelly, 210. *Silvers* v. *Reynolds*, 2 Harrison, (N. J.) 275. Such a substitution, when executed, is a waiver of or bar to the original contract, 1 Greenl. Ev. § 303. *Dearborn* v. *Cross*, 7 Cow. 48. *Richardson* v. *Cooper*, 25 Maine, 450. *Munroe* v. *Perkins*, 9 Pick. 304. *Holmes* v. *Doane*, 9 Cush. 135. The rule declaring a tender " in full " invalid is based upon a recognition of the same principle. 2 Greenl. Ev. § 605. *Wood* v. *Hitchcock*, 20 Wend. 47. *Sutton* v. *Hawkins*, 8 Car. & P. 259. *Hastings* v. *Thorley*, 8 Car. & P. 573. *Peacock* v. *Dickerson*, 2 Car. & P. 51 note. The law relating to gifts also recognizes the principle. An executory gift is null, but a gift executed is irrevocable. *Pearson* v. *Pearson*, 7 Johns. 26. *Martrick* v. *Linfield*, 21 Pick. 326. Holroyd, J., in *Thomas* v. *Heathorn*, 2 B. & C. 481

2. But in this case the payment was made in bank notes, which the plaintiff received in full settlement of his whole demand. This constituted a valid accord and satisfaction in law. *Steinman* v. *Magnus*, 11 East, 390. The receipt in full satisfaction from the debtor of the note of a third person for a smaller sum than is due is a good accord and satisfaction. *Brooks* v. *White*, 2 Met. 283. *Boyd* v. *Hitchcock*, 20 Johns. 76. *Kellogg* v. *Richards*, 14 Wend. 116. Bank notes are promissory notes, and notes of third persons. *Brown* v. *Commonwealth*, 8 Mass. 64. *Perry* v. *Coates*, 9 Mass. 537. *Commonwealth* v. *Carey*, ? Pick. 49. Nor does it matter that such notes were received as money.

3 It further appeared that the defendant was a poor man and unable to pay; that the plaintiff agreed if the defendant would raise and pay the sum of twenty dollars, to receive the same in full settlement and satisfaction of his demand; and that the defendant did raise that sum by borrowing and collecting, and paid it to the plaintiff, who received it as agreed, and gave the defendant a receipt in full. This takes the case out of the rule. *Steinman* v. *Magnus*, *Thomas* v. *Heathorn*, *Brooks* v. *White*, *Boyd* v. *Hitchcock* and *Kellogg* v. *Richards*, above cited. *Welby* *v.* *Drake*, 1 Car. & P. 557. *Tuttle* v. *Tuttle*, 12 Met. 554. *Reed* v. *Bartlett*, 19 Pick. 274. *Hinckley* v. *Arey*, 27 Maine, 362.

*W. H. L. Smith*, for the plaintiff.

DEWEY, J. The rule of law which was applied to the present case by the superior court is too well settled to be open to all those considerations which might be urged if it were a new question. That the acceptance of a less sum in money than is actually due cannot be a satisfaction, and will not operate to extinguish the whole debt, although agreed by the creditor to be received upon that condition, is, as we understand, a correct exposition of the law on the subject. In *Brooks* v. *White*, 2 Met. 283, it was so assumed and stated upon the authority of the adjudicated cases there cited and commented upon. Although apparently unjust to refuse to give effect to a discharge, or accord and satisfaction, freely and voluntarily made

upon the payment of a less sum than was actually due, yet it stands upon the same principle upon which we deny the enforce· ment of a promise to pay money where such promise has been freely and deliberately made, but without any legal considera- tion. This would be so, although the contract had all the for- malities of a promissory note acknowledging value received. But while the rule has prevailed that the payment of a smaller sum cannot be pleaded as a satisfaction for a larger, the courts have been disposed to confine its operation to cases fully within the principle of want of consideration. Hence, if payment be in a manner collateral to the original obligation, as if it be paid before the day, or be made by a stranger out of his money, or by the note of a third person, though a smaller sum is paid than the amount of the debt, such sum, thus received in discharge of the whole demand, is a valid discharge of the whole.

If any exception of this character exists in the present case, it should avail the defendant; otherwise, the general rule must be applied here. Giving a receipt in full of all demands is not conclusive evidence of actual payment of such demands; as such receipts are always open to explanation, and may be controlled by oral evidence.

The agreement of the plaintiff, upon which the defendant relies to sustain the defence of accord and satisfaction, was simply an agreement " that if the defendant, who was then poor and unable to pay, would raise and pay the plaintiff the sum of twenty dollars, he would receive the same in full satisfaction of the judgment." This was merely an agreement to accept twenty dollars in full of a judgment for a much larger sum. It was exactly the case of the acceptance of a less sum of money than was actually due. The payment in bank bills was, as treated by the parties, a payment in cash, and must so be held. *Phillips* v. *Blake*, 1 Met. 158. It was no part of the agreement made by the plaintiff, that if a stranger would lend the defend- ant twenty dollars, he would receive that sum in full of the judgment. Nor is there anything in the case to show that the plaintiff knew that any portion of the money had been bor- rowed of a third person. The defendant was " to raise " the

twenty dollars. But this implied. nothing more than that he proposed to collect it, or obtain it from his own funds. He was unable to pay the whole debt, but that does not import an inability to pay twenty dollars or raise that sum upon his own resources. *Exceptions overruled.*